UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPREET SINGH (A-229-652-351),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No.  1:26-cv-0487 DC CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jaspreet Singh (A-229-652-351), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates the Immigration and Nationality Act ("INA"), his due process rights under the Fifth Amendment, the Administrative Procedure Act, the equal protection guarantee of the Fifth Amendment, and the Suspension Clause.  (Id. at 11-21 (claims one through five).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    FACTUAL BACKGROUND[1]

Petitioner is a citizen and national of India who entered the United States on or around January 19, 2022. (ECF No. 1 at 4.) After his entry, petitioner was encountered by U.S. Border Patrol, placed in standard immigration removal proceedings under Section 240 of the INA (8 U.S.C. § 1229a),[2] and released under an order of release on recognizance. (Id.) On September 3, 2025, petitioner presented for his credible fear interview as scheduled, and was arrested and re-detained by ICE as he was exiting the building. (ECF No. 1 at 5.) Petitioner was not provided notice, justification for the detention, or a hearing. (Id.) On September 24, 2025, a Notice to Appear identified petitioner as an "alien present in the United States who has not been admitted or paroled." (ECF No. 2 at 1.) The Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) The Notice to Appear was personally served on petitioner on September 26, 2025. (Id. at 2.)

While petitioner was on release, he complied with all release conditions, including attending all court hearings in his removal proceedings, and has no criminal record. (Id.) Petitioner has been in continuous detention since September 3, 2025. (ECF No. 1 at 5.)

## III.    DISCUSSION

On January 20, 2026, through counsel, petitioner filed his habeas petition and a motion for

---

[1]  Respondents did not dispute any of these facts presented in the petition.
[2]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

a temporary restraining order.  (ECF Nos. 1, 3.)  On January 21, 2026, the district court denied petitioner's motion for temporary restraining order as untimely where petitioner was detained on September 3, 2025, and referred the matter to the magistrate judge.  (ECF No. 5.)  On January 29, 2026, petitioner filed a motion for preliminary injunction.  (ECF No. 6.)

On February 2, 2026, the district court reviewed the petition and the motion for preliminary injunction, and noted that it had previously addressed the legal issues raised in petitioner's second claim (due process claim).  (ECF No. 7 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); and  D.L.C. v. Wofford, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026)).)  The district court directed respondents to substantively address whether there are any factual or legal issues in this case that materially distinguish it from the district court's prior orders in the three cases cited. (Id.)  Respondents did not file an opposition to the motion for preliminary injunction, an answer to the petition for writ of habeas corpus or a motion to dismiss, or otherwise respond to the district court's briefing order.  (See Docket.)   On February 13, 2026, petitioner filed a motion for immediate grant of habeas corpus and preliminary injunction and to strike any government response.  (ECF No. 11.)  On February 17, 2026, the district court noted respondents' failure to respond, and found respondents had not identified any provision of law or fact in this case that would substantively distinguish it from the three cases cited in the February 2, 2026 briefing order.  (ECF No. 13 (citing Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; and  D.L.C. v. Wofford, 2026 WL 25511).)  Pursuant to the reasoning in Selis Tinoco, Labrador-Prato, and D.L.C. v. Wofford cited in both orders (ECF Nos. 7, 13), the district court granted petitioner's motion for preliminary injunction.  (ECF No. 13.)  In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/ custody hearing; and if the government seeks to re-detain petitioner, the government must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  (Id.)  The

district court clarified that its order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal, and again referred the matter to the assigned magistrate judge.  (Id.)

On February 23, 2026, this Court issued a briefing order.  (ECF No. 14.)  Respondents again failed to file a responsive pleading or otherwise respond.  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim two).  See Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; and D.L.C., 2026 WL 25511.  Because the resolution of the second claim provides the relief requested, the Court need not reach petitioner's first, third, fourth and fifth claims.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Jaspreet Singh (A-229-652-351) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C.

§ 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/sing0487.157.2241.imm

5